Cortne Lee KENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0073–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 14, 1998.

Rehearing Overruled Jan. 21, 1999.

Cortne Lee Kent, Arlington, pro se.

Tarrant County Criminal District Attorney, (Tim Curry) (Charles M. Mallin) (Edward L. Wilkinson), Fort Worth, for appellee.

Before DODSON and QUINN and REAVIS, JJ.

BRIAN QUINN, Justice.

Cortne Lee Kent (Kent), appearing *pro se*, appeals her conviction for driving while intoxicated. Her four points of error involve whether 1) she was charged with violating a lawful penal statute since the Secretary of State allegedly failed to authenticate the statute as required by the Texas Constitution, 2) the testimony of Officer Truly should have been suppressed because she did not take the oath mandated by article 16, section 1 of the Texas Constitution, 3) she received ineffective assistance of counsel, and 4) the testimony of 'the police officers at her trial violated federal law because they received additional compensation for testifying. We affirm.

### Point of Error One: Failure to Authenticate the Penal Code

█ Kent first contends that the Secretary of State failed to authenticate the penal provision which she was accused of violating. Because it was not so authenticated, it allegedly was not an enforceable law. We overrule the point.

Article 4, section 21 of the Texas Constitution directs the Secretary of State to "authenticate the publication of the laws." The penal law here in question is found at section 49.01 *et seq.* of the Texas Penal Code and was enacted by the 73rd Legislature during its regular session. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3696–98. As the State correctly points out, there appears on page II of volume three of the Texas General and Special Laws enacted by the 73rd Legislature the requisite authentication by the Secretary of State. Accordingly, the penal statute under which Kent was convicted was duly authenticated.

As to the allegation that the 39th Legislature (in 1925) also mandated that the authentication appear in the official publication publishing this state's laws, that is, Vernon's published by West Publishing Co., we note that the directive applied solely to the laws "established by the Thirty-ninth Legislature at its Regular Session." Act of March 24, 1925, 39th Leg., R.S., ch. 104, § 1, 1925 Tex. Gen. Laws. Thus, it is inapplicable to laws enacted some seven decades later by the 73rd Legislature.

### Point of Error Two: Suppression of Police Officer's Testimony

█ Appellant next alleges that the testimony of Officer Truly of the Fort Worth Police Department should have been suppressed because she failed to take her oath of office and file a statement denying her commission of bribery as per article 16, section 1(c), (d), and (f) of the Texas Constitution. We overrule the point for it, was waived.

Prior to September of 1997, the duty to file an appellate record sufficient to illustrate error fell upon the appellant. TEX.R.APP. P. 50(d). With the advent of the new rules of appellate procedure, the onus of filing the record now falls upon the trial court clerk and official reporter. TEX.R.APP. P. 35.3(a) & (b). Yet, the appellant is not free to do nothing. Quite the contrary. Those very same rules obligate him to perform various tasks before the duties of the clerk and reporter accrue. With regard to the clerk's record, the rule states that "[t]he trial court clerk is responsible for preparing, certifying, and timely filing [it] *if* . . . a notice of appeal has been filed[,] and . . . the party responsible for paying for the preparation of [it] has paid the clerk's fee, has made satisfactory arrangements . . . to pay the fee," or is indigent. TEX.R.APP. P. 35.3(a) (emphasis added). By using the term "if" in the rule, the drafters evinced an intent that the clerk's duties be conditioned upon the appellant first filing a notice of appeal and paying the clerk's fee or making arrangements for its payment, assuming the appellant is not indigent. *See Rodriguez v. State,* 970 S.W.2d 133, 136 (Tex.App.—Amarillo 1998, pet. ref'd) (stating that the clerk's duty to file the record arises after the appellant pays for it). If one or the other of the conditions is not performed, then the clerk's obligation is never triggered. *Id.*

Similar conditions are imposed upon the appellant *vis-a-vis* the reporter's record. According to the pertinent rule, the reporter's duty to prepare and file a record accrues "*if* . . . a notice of appeal has been filed . . . the appellant has requested that the . . . record be prepared . . . and . . . the party responsible for paying for [it] has paid the reporter's fee . . . has made satisfactory arrangements . . . to pay the fee," or is indigent. TEX.R.APP. P. 35.3(b) (emphasis added). Again, by using "if," the drafters evinced an intent to make the reporter's duty contingent upon the appellant first requesting the trial transcript and paying for it or making arrangements to pay for it. If no one requests the record, pays for it, or makes arrangements to pay for it (assuming nonindigency), then the reporter need not do anything. *Rodriguez v. State,* 970 S.W.2d at 136 (dealing with the clerk's record).

Given the foregoing conditions, we deduce that while the actual preparation and filing of the reporter's record is no longer the task of the appellant, the latter still has the burden to request and pay for it. If a solvent appellant fails in either respect, then the reporter is not obligated to prepare and file the document at her own expense. Thus, we further deduce that the appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error. If she does not, and her point of error involves matters omitted from the record due to her failure to request or pay for same, then her actions will prevent us from adequately addressing the dispute. And, in so inhibiting us, she effectively waives the complaint. *See In re Moore*, 890 S.W.2d 821, 827 (Tex. App.—Amarillo 1994, no pet.) (holding that without a record demonstrating the trial court's ruling, there is nothing for the court to review).

Here, the trial court expressly found that appellant was not an indigent, a finding she does not attack. Thus, she was not entitled to either a free clerk's or reporter's record. Furthermore, the reporter's record she requested and made arrangements to pay for was expressly limited to the pretrial hearings. In other words, we have no reporter's record of the actual trial. Without that particular document, we have no way of knowing whether any of Officer Truly's testimony, or its fruits, were admitted into evidence or otherwise heard by the fact finder. This in turn precludes us from assessing the potential harm emanating from the purported error. In sum, by failing to request and pay for a transcription of the trial sufficient to illustrate the purported error, appellant not only prevented us from considering the error but also waived it.

### Point of Error Three: Ineffective Assistance of Counsel

■■■ Kent next alleges that her "right not to be brought to trial was violated due to ineffective counsel." More specifically, she alleges that counsel was deficient in failing to appeal, pre-trial, the denial of her application for writ of habeas corpus. The habeas application was based on the same arguments raised by Kent under point of error one, that is, that the penal statute under which she was prosecuted was not properly authenticated. Yet, we concluded above that the argument was meritless. Given that conclusion, counsel's failure to pursue the alleged error via a baseless interlocutory appeal could not amount to ineffective assistance. Simply put, counsel is not required to perform frivolous or futile acts to be reasonably effective. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim.App.1991). So, we overrule the point.

### Point of Error Four: Wrongful Compensation of Police Officer Witnesses

■■ In her final point of error, Kent alleges that the police officers who testified against her at trial may have received additional compensation for their court appearance. If they did then they allegedly violated title 18, section 201(c)(2), of the United States Code, which prohibits giving anything of value to a witness for or because of that person's testimony. We overrule the point.

Kent implicitly concedes that the record does not show whether the police officers were actually paid additional compensation. This is most likely because it was not raised below. Nor does the abbreviated record before us even illustrate whether any police officer testified, much less testify falsely.[1] *See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Ass'n*, 865 F.Supp. 1516, 1524 (S.D. Florida 1994) (stating that Title 18, section 201(c)(2) of the United States Code is not violated if the compensation does not induce false testimony). So, assuming the federal statute applied to state prosecutions, we nevertheless reject her complaint because 1) it was not preserved as required by Texas Rule of Appellate Procedure 33.1(a) and 2) nothing of record supports it.

Accordingly, we affirm the judgment.

---

1. Again, appellant did not request the transcript of the actual trial proceedings.