COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-227-CR
 
MARK ALLAN SALTSMAN                                                                 
APPELLANT
V.
THE STATE OF TEXAS                                                                    
   STATE
------------
FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Introduction
A jury found appellant, Mark Allan
Saltsman, guilty of possession of a controlled substance with intent to deliver
and sentenced him to twenty-three years' confinement. Counsel on appeal has
filed an Anders brief asserting that there are no grounds that could be
argued successfully on appeal. See Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the
trial court's judgment.
Factual and Procedural
Background
A confidential informant told Gerald
Wright, a Decatur Police Officer and a North Central Texas Narcotics Task Force
Agent, that he had been in appellant's home on January 21, 2000 and personally
observed appellant in possession of methamphetamine. Officer Wright arranged for
the informant to make a controlled buy of narcotics from appellant on January
24, 2000. After the informant purchased 3.45 grams of methamphetamine from
appellant, Officer Wright obtained a warrant to search appellant's home, and
police officers executed the warrant within four hours of the controlled buy.
The officers found 15.64 grams of methamphetamine in nine packages, drug-
related items such as scales, and $2,674 in cash, including the cash provided to
the informant by the police for the controlled buy.
Appellant was charged with the
first-degree felony offense of possession of a controlled substance,
methamphetamine, in the amount of four grams or more but less than 200 grams.
The jury found appellant guilty. At the punishment hearing, appellant entered a
plea of true to the enhancement paragraph and agreed to the introduction of his
prior misdemeanor and felony convictions. He testified at punishment that he is
a drug addict who owned and sold the methamphetamine to the confidential
informant, and claimed that he did so to support his heroin addiction. He also
admitted to possessing heroin on the day of the search. From a punishment range
of fifteen to ninety-nine years to life, the jury sentenced appellant to
twenty-three years' confinement.
The Anders Brief
Appellant's court-appointed attorney on
appeal has filed a motion to withdraw. In support of the motion to withdraw
counsel has filed a brief in which she states that, in her professional opinion,
this appeal has no merit. Counsel has fulfilled the requirements of Anders
by presenting a professional evaluation of the record in explaining why there
are no arguable grounds for appeal. See Anders, 386 U.S. 738, 87 S. Ct.
1396. This court provided appellant the opportunity to file a pro se brief, but
he did not do so. Once counsel has complied with the Anders requirements,
we must conduct an independent examination of the record to determine whether
counsel is correct. Id.; see Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.--Fort Worth, no pet.). Only then may we grant counsel's motion to withdraw.
See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52 (1988).
Independent Review
The indictment tracks the statutory
language of the offense for which appellant was convicted. It alleges that the
offense occurred before the presentment of the indictment. See Tex.
Health & Safety Code Ann. § 481.112(d) (Vernon Supp. 2003). The indictment
conferred jurisdiction on the trial court and provided appellant with sufficient
notice to prepare a defense. See Tex. Const. art. V, § 12; Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Three different attorneys were appointed
to represent appellant. The third attorney was appointed two months before the
trial and had adequate time to prepare for trial. Both the second and third
attorneys filed several motions. With the exception of appellant's motion to
suppress, the pretrial motions were either granted, agreed to by the State, or
agreed to by appellant's counsel and the State at a pretrial hearing. The trial
court did not err by denying the motion to suppress because there was probable
cause to support the issuance of the search warrant; therefore, the fruits of
the search were lawfully obtained. See Ramos v. State, 934 S.W.2d 358,
363 (Tex. Crim. App. 1996).
Any complaints concerning voir dire were
waived because appellant did not request that voir dire be included in the
reporter's record. See Kent v. State, 982 S.W.2d 639, 641 (Tex.
App.--Amarillo 1998, pet. ref'd, untimely filed). After reviewing the record and
applying the appropriate standards of review,(2)
we conclude that the evidence is legally and factually sufficient to support the
conviction of possession of a controlled substance with intent to deliver.(3)
None of the rulings made by the trial court to appellant's counsel's objections
constituted reversible error or an abuse of discretion. The court's charge on
guilt-innocence properly applied the law to the facts of the case. Appellant's
counsel's performance at guilt-innocence was constitutionally sufficient. See
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).
At punishment, appellant's counsel made
one objection, which was ultimately sustained. Appellant did not object to the
admission of extraneous offenses, including evidence concerning his prior
misdemeanor and felony convictions. Appellant was properly admonished before he
testified at the punishment phase of the trial. No objections to the jury charge
were made. Two of appellant's counsel's objections to argument were overruled,
and one was sustained with an instruction that the jury disregard the
prosecutor's statement. The trial court's rulings on the two objections that
were overruled were not erroneous. Counsel's performance satisfied the standard
announced in Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).
The court's charge on punishment properly instructed the jury on the applicable
range of punishment. Tex. Penal Code Ann. §§ 12.32, 12.42(c)(1) (Vernon 2003).
The jury assessed punishment within the permissible statutory range. See id.
Our review of the record reveals no reversible error from the punishment phase.
Conclusion
Because our independent review of the
record reveals no reversible error, we agree with counsel's professional
determination that an appeal of this case is frivolous. Accordingly, we grant
counsel's motion to withdraw and affirm the trial court's judgment.
                                                                       
    PER CURIAM
 
PANEL F: GARDNER, DAY, and LIVINGSTON, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: MARCH 6, 2003]

1. See Tex. R. App. P. 47.4.
2. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994), cert. denied, 513 U.S. 1192 (1995); Narvaiz v.
State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied, 507
U.S. 975 (1993) (both providing legal sufficiency standard of review); Santellan
v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency
standard of review).
3. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W. 3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.