SALTSMAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-227-CR

MARK ALLAN SALTSMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

A jury found appellant, Mark Allan Saltsman, guilty of possession of a controlled substance with intent to deliver and sentenced him to twenty-three years’ confinement.  Counsel on appeal has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

Factual and Procedural Background

A confidential informant told Gerald Wright, a Decatur Police Officer and a North Central Texas Narcotics Task Force Agent, that he had been in appellant’s home on January 21, 2000 and personally observed appellant in possession of methamphetamine.  Officer Wright arranged for the informant to make a controlled buy of narcotics from appellant on January 24, 2000.  After the informant purchased 3.45 grams of methamphetamine from appellant, Officer Wright obtained a warrant to search appellant’s home, and police officers executed the warrant within four hours of the controlled buy.  The officers found 15.64 grams of methamphetamine in nine packages, drug- related items such as scales, and $2,674 in cash, including the cash provided to the informant by the police for the controlled buy.  

Appellant was charged with the first-degree felony offense of possession of a controlled substance, methamphetamine, in the amount of four grams or more but less than 200 grams.  The jury found appellant guilty.  At the punishment hearing, appellant entered a plea of true to the enhancement paragraph and agreed to the introduction of his prior misdemeanor and felony convictions.  He testified at punishment that he is a drug addict who owned and sold the methamphetamine to the confidential informant, and claimed that he did so to support his heroin addiction.  He also admitted to possessing heroin on the day of the search.  From a punishment range of fifteen to ninety-nine years to life, the jury sentenced appellant to twenty-three years’ confinement.    
The 
Anders
 Brief

Appellant’s court-appointed attorney on appeal has filed a motion to withdraw.  In support of the motion to withdraw counsel has filed a brief in which she states that, in her professional opinion, this appeal has no merit.  Counsel has fulfilled the requirements of 
Anders
 by presenting a professional evaluation of the record in explaining why there are no arguable grounds for appeal.  
See Anders, 
386 U.S. 738, 87 S. Ct. 1396.  This court provided appellant the opportunity to file a pro se brief, but he did not do so.  Once counsel has complied with the 
Anders 
requirements, we must conduct an independent examination of the record to determine whether counsel is correct.  
Id.; see Mays v. State, 
904 S.W.2d 920, 923 (Tex. App.—Fort Worth, no pet.).  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio, 
488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52 (1988).

Independent Review

The indictment tracks the statutory language of the offense for which appellant was convicted.  It alleges that the offense occurred before the presentment of the indictment.  
See 
Tex. Health & Safety Code Ann. 
§ 481.112(d) (Vernon Supp. 2003).  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See 
Tex. Const. 
art. V, § 12; 
Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

Three different attorneys were appointed to represent appellant.  The third attorney was appointed two months before the trial and had adequate time to prepare for trial.  Both the second and third attorneys filed several motions.  With the exception of appellant’s motion to suppress, the pretrial motions were either granted, agreed to by the State, or agreed to by appellant’s counsel and the State at a pretrial hearing.  The trial court did not err by denying the motion to suppress because there was probable cause to support the issuance of the search warrant
; 
therefore, the fruits of the search were lawfully obtained.  
See Ramos v. State, 
934 S.W.2d 358, 363 (Tex. Crim. App. 1996).
  

Any complaints concerning voir dire were waived because appellant did not request that voir dire be included in the reporter’s record. 
 See Kent v. State, 
982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref’d, untimely filed).
 
After reviewing the record and applying the appropriate standards of review,
(footnote: 2) we conclude that the evidence is legally and factually sufficient to support the conviction of possession of a controlled substance with intent to deliver.
(footnote: 3)  None of the rulings made by the trial court to appellant’s counsel’s objections constituted reversible error or an abuse of discretion.  The court’s charge on guilt-innocence properly applied the law to the facts of the case. Appellant’s counsel’s performance at guilt-innocence was constitutionally sufficient.  
See Strickland v. Washington, 
466 U.S. 668, 104 S. Ct. 2052 (1984).

At punishment, appellant’s counsel made one objection, which was ultimately sustained.  Appellant did not object to the admission of extraneous offenses, including evidence concerning his prior misdemeanor and felony convictions.  Appellant was properly admonished before he testified at the punishment phase of the trial.  No objections to the jury charge were made.  Two of appellant’s counsel’s objections to argument were overruled, and one was sustained with an instruction that the jury disregard the prosecutor’s statement.  The trial court’s rulings on the two objections that were overruled were not erroneous.  Counsel’s performance satisfied the standard announced in 
Hernandez v. State, 
988 S.W.2d 770 (Tex. Crim. App. 1999).  The court’s charge on punishment properly instructed the jury on the applicable range of punishment.  
Tex. Penal Code Ann.
 §§ 12.32, 12.42(c)(1) (Vernon 2003).  The jury assessed punishment within the permissible statutory range.  
See id.  
Our review of the record reveals no reversible error from the punishment phase. 

Conclusion

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: GARDNER, DAY, and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: MARCH 6, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See Emery v. State, 
881 S.W.2d 702, 705 (Tex. Crim. App. 1994), 
cert. denied, 
513 U.S. 1192 (1995); 
Narvaiz v. State, 
840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied, 
507 U.S. 975 (1993) (both providing legal sufficiency standard of review); 
Santellan v. State, 
939 S.W.2d 155, 165 (Tex. Crim. App. 1997); 
Clewis v. State, 
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency standard of review).

3:
See Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State, 
23 S.W. 3d 1, 7 (Tex. Crim. App. 2000); 
Clewis, 
922 S.W.2d at 134.