COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

PABLO AGUERO,                                               )

                                                                              )             
No.  08-05-00010-CV

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )              
388th District Court

CYNTHIA AGUERO,                                          )

                                                                              )          
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 2004CM7507)

 

 

O
P I N I O N

 

This is an appeal
from a protective order granted against Appellant, Pablo Aguero.  In one issue, Appellant contends the evidence
supporting the trial court=s
decision to grant a protective order was insufficient because the trial court
improperly based it=s
decision on the hearsay testimony of Appellee. 
We affirm.

On December 6,
2004, Appellee filed an application for a protective order on behalf of herself
and her children alleging Appellant had committed family violence.  By affidavit attached to the application,
Appellee alleged that Appellant had engaged in sexual intercourse with her
minor daughter, physically assaulted her on two separate occasions, and
improperly touched her daughter.  The
trial court granted a temporary ex parte protective order and show cause
order on December 6, 2004.  An amended
temporary ex parte protective order and show cause order was granted by
the court on December 10, 2004.








On December 17,
2004, the trial court held a hearing to determine whether or not a final
protective order should be granted.  The
trial court found that family violence had occurred and was likely to occur in
the future and specifically found that: 
(1) Appellant committed family violence against Appellee; (2) Appellant
had committed violence against the minor children by assaulting Appellee in
front of them; (3) Appellant had committed family violence against the Appellee=s minor son by having him witness a
sexual assault upon the minor daughter of Appellee; and (4) Appellant had
committed family violence by sexually assaulting Appellee=s daughter.  The court further found that the AProtective Orders [were] necessary for
the protection of the family and [were] in the best interest of the parties and
of the other members of the family or household.@  Appellant received a copy of the protective
order by and through his attorney.  Appellant
filed a notice of appeal on January 13, 2005.

It appears from
Appellant=s brief
that he is attempting to argue that the trial court erred in granting the
protective order because the evidence was legally insufficient.  Within his legal sufficiency complaint,
Appellant also attempts to argue that the trial court improperly granted the
protective order based on the hearsay testimony of Appellee regarding
statements made to her by her daughter concerning alleged sexual abuse by
Appellant.[1]








The State argues
that this Court would need the reporter=s
record to review Appellant=s
issue.  Additionally, the State argues
that the failure of Appellant to properly initiate the completion of a record
sufficient to demonstrate error prevents this Court from addressing his
complaint.  We agree.  The burden to timely prepare, file, and
certify the reporter=s
record lies with the court reporter.  Tex.R.App.P. 35.3(b).  The trial and appellate courts are jointly
responsible for ensuring that the appellate record is timely filed.  Tex.R.App.P.
35.3(c).  However, an appellant must
properly request and pay for the record (or make arrangements to pay for the
record) before any duty arises.  See
Kent v. State, 982 S.W.2d 639, 640-41 (Tex.App.--Amarillo 1998, pet. ref=d, untimely filed).  The appellant bears the burden of properly
initiating the completion of a record sufficient to demonstrate reversible
error.  Id. at 641.  If he fails to do so and raises a point of
error on appeal which involves matters omitted from the record, his actions
prevent an appellate court from adequately addressing the dispute.  Id. 
By so inhibiting an appellate court, the appellant waives his
complaint.  Id.; see also Cheek
v. State, 65 S.W.3d 728, 730 (Tex.App.--Waco 2001, no pet.).

In the present
case, this Court received an affidavit from the court reporter on February 7,
2005.  The affidavit stated that as of
that date, she had not received a designation of record from Appellant nor had
any financial arrangements been made. 
This Court sent notice to both counsel for Appellant and the assistant
county attorney informing both parties that the court reporter had not received
a designation of record nor had any financial arrangements been made for
payment of the record.  The notice also
stated that if no response was received by February 25, 2005, the appeal would
be considered on the clerk=s
record only.








On February 25,
2005, this Court received another affidavit from the court reporter stating
that as of that day, she had not received a designation of record from counsel
for Appellant nor had any financial arrangements been made.  On the same day, this Court sent notice to both
counsel for Appellant and the assistant county attorney.  The notice informed both parties that the
court reporter had not received a designation of record nor had any financial
arrangements been made and it appeared that no reporter=s
record would be filed in this cause. 
This Court received no response from either party.

The failure of
Appellant to provide this Court with a record prevents us from reviewing the
substance of the testimony actually presented during the hearing to determine
if it was improperly admitted by the trial court.  Additionally, without a proper record, we are
unable to determine if the complained-of testimony did in fact form Athe bases [sic] of the issuance of the
family protective order@
as Appellant alleges, or if other portions of Appellee=s
testimony support the trial court=s
decision to grant the order.

Even assuming the
testimony Appellant complains of was improperly admitted during the hearing and
the trial court granted the protective order on the basis of that testimony,
the failure of Appellant to provide this Court with a record prevents us from
determining whether or not he properly objected when the testimony was
offered.  Generally, in order to properly
preserve a complaint for appellate review, a party must present a timely
objection to the trial court, state the specific grounds for the objection, and
obtain a ruling.  Tex.R.App.P. 33.1(a); see also Gurka v. State, 82
S.W.3d 416, 421 (Tex.App.‑-Austin 2002, pet. ref=d)(where
counsel did not object to testimony of witness concerning out-of-court
statements made by victim, error was not properly preserved).  Thus, without a record, we are unable to
determine if Appellant has preserved this issue for our review.








Because Appellant
has failed to request or pay for a record sufficient to demonstrate error, we
are unable to consider his issue and it is therefore waived.  See Kent, 982 S.W.2d at 641.  Therefore, we overrule Issue One.

Accordingly, we
affirm the trial court=s
judgment.

 

 

 

February
2, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
We note that Appellant complains only of this portion of Appellee=s testimony.  However, in addition to the finding that
Appellant had committed family violence against Appellee=s
minor daughter, the trial court also found that Appellant had committed family
violence against:  (1) Appellee; (2)
Appellee=s minor
son who witnessed an alleged instance of misconduct between Appellant and
Appellee=s
daughter; and (3) against the minor children by assaulting Appellee in front of
them.  Thus, the trial court could have
based it=s
decision to grant the protective order on other portions of Appellee=s testimony.