NO.
12-04-00351-CR

NO. 12-05-00013-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CLIFTON HALLIBURTON,           §          APPEALS
FROM THE 7TH

APPELLANT

 

V.                                                        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                       §          SMITH COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Clifton
Halliburton appeals his convictions for indecency with a child and sexual
assault of a child.  In each case,
Appellant contends in one issue that the trial court erred in not holding a
trial to determine his competency to stand trial.  We affirm.

 

Background

            In
two separate indictments, Appellant was charged with indecency with a child
(trial court cause number 007-2137-03) and 
sexual assault of a child (trial court cause number 007-0002-04). 
In each case, Appellant filed a motion for examination and
hearing to determine his competency to stand trial.  The trial court granted Appellant’s motion
and appointed an expert to examine Appellant and determine his competency to
stand trial.  The clerk’s records do not
contain a report from the expert or any orders denying hearings or trials on
Appellant’s competency.








            In
each case, Appellant pleaded guilty.  He
and his counsel signed an acknowledgment of admonishments, a waiver of jury
trial, an agreement to stipulate testimony, and judicial confession in which
Appellant swore that all allegations pleaded in both indictments were
true.  Appellant also waived his time to
file motions for new trial and in arrest of judgment and his right to
appeal.  The trial court adjudged
Appellant guilty of both offenses and assessed punishment at fifteen years of
imprisonment for indecency with a child and twenty years of imprisonment for
sexual assault of a child.  The terms of
imprisonment are to be served concurrently. 
These appeals followed.[1]

 

Competency
Trial

            In one issue, Appellant argues in each case that the trial court
erred in failing to hold a trial to determine his competency to stand
trial.  Article 46B.051 of the Texas Code
of Criminal Procedure states that, if a court holds a trial to determine
whether the defendant is incompetent to stand trial, either party or the court
may request that a jury make the determination. 
Tex. Code Crim. Proc. art.
46B.051(a) (Vernon Supp. 2005).  We
review a trial court’s decision not to conduct a competency hearing for an
abuse of discretion.  Lawrence v.
State, 169 S.W.3d 319, 322 (Tex. App.–Fort Worth 2005, pet. ref’d).  A trial court abuses its discretion if its
decision is arbitrary or unreasonable.  Id.

            The
appellate record does not include reporter’s records of any hearings or trials
to determine Appellant’s competency to stand trial.  No reporter’s records were filed in either
case of any hearings conducted before Appellant pleaded guilty or of the plea
hearings.  According to the Texas Rules
of Appellate Procedure, the official or deputy reporter is responsible for
preparing, certifying, and timely filing the reporter’s record if a notice of
appeal has been filed, the appellant has requested that the reporter’s record
be prepared, and the party responsible for paying for the preparation of the
reporter’s record has paid the reporter’s fee, or has made satisfactory
arrangements with the reporter to pay the fee, or is entitled to appeal without
paying the fee.  Tex. R. App. P. 35.3(b). 
It is, therefore, an appellant’s responsibility to properly initiate the
process of securing a reporter’s record. 
See Tex. R. App. P. 35.3(b);
In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no
pet.); Walker v. State, No. 12-01-00313-CR, 2002 WL 31845804, at
*1 (Tex. App.–Tyler Dec. 20, 2002, no pet.) (not designated for publication). 

             Our review of the clerk’s record in each case reveals that
Appellant did not request a reporter’s record. 
Nevertheless, on December 27, 2004, Appellant’s counsel wrote a letter
to this court regarding the indecency with a child offense.  In that letter, counsel stated that the
sexual assault of a child offense was a companion case.  Counsel stated that “appellant will make
application for payment for the record, as it is his position that he is
indigent.”  However, neither clerk’s
record includes an affidavit of indigence. 
A letter dated April 20, 2005 from this court to the court reporter
informed her that the record in the sexual assault of a child case had not been
filed and allowed another month in which to file the record.  Appellant’s counsel received a copy of that
letter.  Neither clerk’s record includes
any document showing that Appellant took further action to obtain the reporter’s
record in either case. 

            When
a reporter’s record is necessary for appellate review and the appellant fails
to file the reporter’s record, a presumption arises that the reporter’s record
would support the trial court’s judgment. 
Rittenhouse v. Sabine Valley Ctr. Found., 161 S.W.3d 157,
165 (Tex. App.–Texarkana 2005, no pet.); see Walker, 2002
WL 31845804, at *1.  Moreover, if an
appellant does not initiate the completion of a record and his issue involves
matters omitted from the record due to his failure to request or pay for the
record, his actions will prevent an appellate court from adequately addressing
the dispute.  Kent v. State,
982 S.W.2d 639, 641 (Tex. App.–Amarillo 1998, pet. ref’d). In these cases,
Appellant did not request a reporter’s record nor did he file an affidavit of
indigence.  Without the reporter’s
record, we cannot determine if the trial court abused its discretion in failing
to hold trials to determine Appellant’s competency to stand trial.  See id.  Therefore, in failing to take the steps
necessary to obtain reporter’s records, Appellant has effectively waived his
complaint.  See id.

            Because Appellant failed to properly
secure a reporter’s record in these cases, we presume that the missing portions
of the records contain evidence to support the trial court’s failure to hold
trials to determine Appellant’s competency to stand trial.  Accordingly, Appellant’s issues are
overruled.

Disposition

            The
judgments of the trial court are affirmed.

                                                                                                     SAM GRIFFITH    

                                                                                                               Justice

Opinion
delivered March 31, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)











[1] Appellate cause number 12-04-00351-CR relates
to the indecency with a child charge and appellate cause number 12-05-00013-CR
relates to the sexual assault of a child charge.  Because Appellant raises the same issue in
both appeals, we consider the cases together.