

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-062-CR

SCOTT ALAN AKIN                                             APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On January 29, 2008, a jury found Appellant Scott Alan Akin guilty of

misdemeanor assault-family violence. The trial court sentenced Akin to 365

days' confinement[2] and ordered him to pay a $2,000 fine and court costs of

$296. This appeal followed.

On appeal, Akin filed a pro se brief arguing the following points:

---

[1] *See* Tex. R. App. P. 47.4.

[2] The trial court suspended Akin's sentence and placed him on
community supervision for a period of twenty-four months.

1. I believe I was presumed guilty of said charges by the State and Court which is [in] violation of the Universal Declaration of Human Rights, article 11, that states: Everyone charged with a penal offence has the right to be presumed innocent until proved guilty according to law in a public trial at which they have had all the guarantees necessary for their defense.

2. I believe prosecution knowingly did not disclose all evidence against me in said case. This evidence was favorable to the prosecution (specifically 911 call on CD) which violates my right to due process under the 14th amendment.

3. I believe the Denton county criminal court 1 abused it's [sic] power by arresting me for being 10 minutes late to court after I waited over 15 minutes to speak to the court and then spent 2 hours picking my jury for the trial. I believe this was also to impede my defense in said trial scheduled the next day.

4. I believe the Denton County Sheriff's department abused its [sic] power by placing me in solitary confinement and delousing me with no merit to do so. This also impeded a fair defense for my trial proceeding the next morning.

5. I believe the courts [sic] judgment ($4000 fines/fees, and over 48 hours jail time) in said case are [sic] exorbitant for the Misdemeanor crime charged with.

6. No consideration was given by State Attorney to dismiss charges when my wife DeAna C. Akin pleaded to not press charges.

In his first point, Akin argues that the trial court and the State presumed him guilty. However, Akin has failed to direct our attention to any evidence and we cannot find any in the appellate record that supports his argument.[3]

---

[3] The jury charge contained the presumption of innocence instruction, which supports a finding that the *jury* presumed Akin innocent. *See Renteria*

2

Therefore, he has inadequately briefed this complaint for appeal, and we overrule his first point. *See Lawton v. State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), *cert. denied*, 519 U.S. 826 (1996), *overruled on other grounds, Mosley v. State,* 983 S.W.2d 249, 263 n.18 (Tex. Crim. App. 1998); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).

A review of Akin's second, fifth, and sixth points depends upon the existence of a reporter's record. Because Akin did not pay for a reporter's record,[4] he has prevented our review of these points and forfeited any claim of error.[5] *See* Tex. R. App. P. 37.3(c); *Cheek*, 65 S.W.3d at 730. Accordingly, we overrule Akin's second, fifth, and sixth points.

*v. State*, 206 S.W.3d 689, 707 (Tex. Crim. App. 2006) (presuming that jury follows instructions).

[4] We abated this appeal to determine whether Akin was indigent and entitled to a free reporter's record. The trial court determined that Akin was not indigent, and Akin did not make arrangements to pay for a reporter's record or appeal the trial court's indigency determination.

[5] An appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error. *See* Tex. R. App. P. 35.3; *see also Cheek v. State*, 65 S.W.3d 728, 730 (Tex. App.—Waco 2001, no pet.); *Kent v. State*, 982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref'd, untimely filed). If the appellant fails to do so, and a point on appeal involves matters omitted from the record due to the appellant's failure to request or pay for the record, then the appellant's actions will prevent us from adequately addressing the dispute. *Kent*, 982 S.W.2d at 641. This effectively waives any complaint on these points. *Id*. We may, however, consider and decide those points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c).

In Akin's third point, he argues that the trial court abused its discretion by arresting him for being ten minutes late for trial. However, Akin has failed to support his argument with either references to the appellate record or appropriate citations to legal authority and therefore has inadequately briefed this complaint for appeal.[6] *See* Tex. R. App. P. 38.1(h); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 1053 (2001); *Mosley,* 983 S.W.2d at 256; *see also Lawton*, 913 S.W.2d at 554*; Alvarado*, 912 S.W.2d at 210. Accordingly, we overrule Akin's third point.

Likewise in Akin's fourth point, he argued that the sheriff's department abused its power by placing Akin in solitary confinement and having him deloused. However, Akin again has failed to support his argument with either references to the appellate record or appropriate citations to legal authority and

---

[6] Furthermore, the clerk's record contains a judgment nisi stating that Akin failed to appear and answer after the bailiff had called his name and the trial court had given him a reasonable amount of time to respond. A judgment nisi is a provisional judgment that is not final or absolute, but may become final. *See Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008). Nisi means "unless," so a judgment nisi is valid unless a party shows cause why it should be withdrawn. *Id*. Akin argues that the trial court abused its discretion by having him arrested and yet he failed to show cause why the judgment nisi in this case should have been withdrawn. *See Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992) (stating that once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied).

therefore has inadequately briefed this complaint for appeal.[7]  *See* Tex. R. App. P. 38.1(h); *Tong,* 25 S.W.3d at 710; *Mosley,* 983 S.W.2d at 256; *see also Lawton*, 913 S.W.2d at 554; *Alvarado*, 912 S.W.2d at 210.  Accordingly, we overrule Akin's fourth and final point.

Having overruled all of Akin's points, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: CAYCE, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2009

---

[7] Furthermore, this argument would appear to be better suited for a section 1983 claim.  *See* 42 U.S.C. § 1983 (2008).