COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-08-062-CR

 

SCOTT
ALAN AKIN                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY CRIMINAL
COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

On January 29, 2008, a jury found Appellant Scott
Alan Akin guilty of misdemeanor assault-family violence.  The trial court sentenced Akin to 365 days=
confinement[2]
and ordered him to pay a $2,000 fine and court costs of $296.  This appeal followed.

On appeal, Akin filed a pro se brief arguing the
following points:








1.  I believe I was presumed guilty of said
charges by the State and Court which is [in] violation of the Universal
Declaration of Human Rights, article 11, that states: Everyone charged with a
penal offence has the right to be presumed innocent until proved guilty
according to law in a public trial at which they have had all the guarantees
necessary for their defense. 

 

2.  I believe prosecution knowingly did not
disclose all evidence against me in said case. 
This evidence was favorable to the prosecution (specifically 911 call on
CD) which violates my right to due process under the 14th amendment.

 

3.  I believe the Denton county criminal court 1
abused it=s [sic] power by
arresting me for being 10 minutes late to court after I waited over 15 minutes
to speak to the court and then spent 2 hours picking my jury for the
trial.  I believe this was also to impede
my defense in said trial scheduled the next day.

 

4.  I believe the Denton County Sheriff=s department abused its
[sic] power by placing me in solitary confinement and delousing me with no
merit to do so.  This also impeded a fair
defense for my trial proceeding the next morning.

 

5.  I believe the courts [sic] judgment ($4000
fines/fees, and over 48 hours jail time) in said case are [sic] exorbitant for
the Misdemeanor crime charged with.

 

6.  No consideration was given by State Attorney
to dismiss charges when my wife DeAna C. Akin pleaded to not press charges.

 








In his first point, Akin argues that the trial
court and the State presumed him guilty. 
However, Akin has failed to direct our attention to any evidence and we
cannot find any in the appellate record that supports his argument.[3]  Therefore, he has inadequately briefed this
complaint for appeal, and we overrule his first point.  See Lawton v. State, 913 S.W.2d
542, 554 (Tex. Crim. App. 1995), cert. denied, 519 U.S. 826 (1996), overruled
on other grounds, Mosley v. State, 983 S.W.2d 249, 263 n.18 (Tex. Crim.
App. 1998); Alvarado v. State, 912 S.W.2d 199, 210 (Tex. Crim. App.
1995).

A review of Akin=s
second, fifth, and sixth points depends upon the existence of a reporter=s
record.  Because Akin did not pay for a
reporter=s
record,[4]
he has prevented our review of these points and forfeited any claim of error.[5]  See Tex. R. App. P. 37.3(c); Cheek,
65 S.W.3d at 730.  Accordingly, we
overrule Akin=s second, fifth, and sixth
points.








In Akin=s third
point, he argues that the trial court abused its discretion by arresting him
for being ten minutes late for trial. 
However, Akin has failed to support his argument with either references
to the appellate record or appropriate citations to legal authority and
therefore has inadequately briefed this complaint for appeal.[6]  See Tex. R. App. P. 38.1(h); Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 1053 (2001); Mosley, 983 S.W.2d at 256; see also Lawton,
913 S.W.2d at 554; Alvarado, 912 S.W.2d at 210.  Accordingly, we overrule Akin=s third
point.








Likewise in Akin=s fourth
point, he argued that the sheriff=s
department abused its power by placing Akin in solitary confinement and having
him deloused.  However, Akin again has
failed to support his argument with either references to the appellate record
or appropriate citations to legal authority and therefore has inadequately
briefed this complaint for appeal.[7]  See Tex. R. App. P. 38.1(h); Tong,
25 S.W.3d at 710; Mosley, 983 S.W.2d at 256; see also Lawton, 913
S.W.2d at 554; Alvarado, 912 S.W.2d at 210.  Accordingly, we overrule Akin=s fourth
and final point.

Having overruled all of Akin=s
points, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL: CAYCE, C.J.; MCCOY
and MEIER, JJ. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]The trial court suspended
Akin=s sentence and placed him
on community supervision for a period of twenty-four months.





[3]The jury charge contained
the presumption of innocence instruction, which supports a finding that the jury
presumed Akin innocent.  See Renteria
v. State, 206 S.W.3d 689, 707 (Tex. Crim. App. 2006) (presuming that jury
follows instructions).





[4]We abated this appeal to
determine whether Akin was indigent and entitled to a free reporter=s record.  The trial court determined that Akin was not
indigent, and Akin did not make arrangements to pay for a reporter=s record or appeal the
trial court=s indigency determination.





[5]An appellant has the
burden to properly initiate the completion of a record sufficient to illustrate
reversible error.  See Tex. R.
App. P. 35.3; see also Cheek v. State, 65 S.W.3d 728, 730 (Tex. App.CWaco 2001, no pet.); Kent
v. State, 982 S.W.2d 639, 641 (Tex. App.CAmarillo 1998, pet. ref=d, untimely filed).  If the appellant fails to do so, and a point
on appeal involves matters omitted from the record due to the appellant=s failure to request or
pay for the record, then the appellant=s actions will prevent us from adequately
addressing the dispute.  Kent, 982
S.W.2d at 641.  This effectively waives
any complaint on these points.  Id.  We may, however, consider and decide those
points that do not require a reporter=s record for a decision.  See Tex. R. App. P. 37.3(c).





[6]Furthermore, the clerk=s record contains a
judgment nisi stating that Akin failed to appear and answer after the bailiff
had called his name and the trial court had given him a reasonable amount of
time to respond.  A judgment nisi is a
provisional judgment that is not final or absolute, but may become final.  See Safety Nat=l Cas. Corp. v. State, 273 S.W.3d 157, 163
(Tex. Crim. App. 2008).  Nisi means Aunless,@ so a judgment nisi is
valid unless a party shows cause why it should be withdrawn.  Id. 
Akin argues that the trial court abused its discretion by having him
arrested and yet he failed to show cause why the judgment nisi in this case
should have been withdrawn.  See
Alvarez v. State, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992) (stating that
once a prima facie case has been established, the defendant must then prove
that one of the statutory requirements of the judgment nisi has not been
satisfied).





[7]Furthermore, this
argument would appear to be better suited for a section 1983 claim.  See 42 U.S.C. ' 1983 (2008).