**O.B. UTLEY, Jr., et al, Appellants,**

v.

**MARATHON OIL COMPANY and Delhi Gas Pipeline Corporation,**
Appellees.

No. 10–97–307–CV.

Court of Appeals of Texas, Waco.

Jan. 21, 1998.

Clinard J. Hanby, Haynes & Fullenweider, Houston, Richard Lee Fuqua, Fuqua & Keim L.L.P., Houston, Roy William Hill, Fairfield, for appellants.

Kenneth R. Valka, Jon David Ivey, Baker & Hostetler L.L.P., Houston, Greg White, McGregor & White, Waco, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

**ORDER DENYING APPELLANTS' MOTION TO EXTEND THE TIME TO FILE THE REPORTER'S RECORD**

PER CURIAM.

The appellants, O.B. Utley, Jr., O.B. Utley, III, Cynthia Utley Outlaw, and Charlcie Utley (collectively "the Utleys"), sued the appellee, Marathon Oil Company, to resolve a dispute as to whether a mineral lease on the

Utleys' land had terminated.[1] After a lengthy trial, the jury returned a take-nothing judgment in favor of Marathon Oil and awarded Marathon Oil $725,000 in attorneys' fees. In a modified judgment signed on August 27, 1997, the trial judge reduced the award of attorneys' fees to $150,000. Both parties have filed a notice of appeal seeking relief from the trial court's judgment. The Utleys appeal the take-nothing judgment entered against them, and Marathon Oil appeals the trial court's order reducing the award of attorneys' fees.

The court has before it a motion filed by the Utleys requesting an extension of time to file the reporter's record in this case. The record was due to be filed on or before December 29, 1997. On January 7, 1998, having not received the reporter's record by the calculated due date, we notified the court reporter of record that the reporter's record had not been filed. On this same day we received the Utleys' motion. In their motion, the Utleys informed the court that an extension of time to file the reporter's record was needed because a dispute regarding the reasonableness of fees has arisen between the Utleys and the official court reporters. On January 12, the court reporters filed a response, informing the court that an agreed order as to the reasonableness of the court reporters' fees had been entered and that the Utleys had agreed to pay $13,500 for preparation of the reporter's record and $6,000 for the preparation and transmittal of trial exhibits to the appellate court. However, according to the court reporters, as of January

12, they had not received any payment from the Utleys and would not seek an extension for time to file the reporter's record until the Utleys' met their financial obligation.

As of September 1, 1997, the responsibility for timely filing the record with the appellate court no longer rests with the appellant. TEX.R.APP. P. 35.3. That burden has been substantially transferred to the shoulders of the trial court officials and the appellate court clerk. *See* TEX.R.APP. P. 35.3, 37.3. However, this duty does not arise until the appellant has properly requested and arranged for payment of the record. *See* TEX.R.APP. P. 35.3.

It is clear from the limited record before us that the Utleys have neither paid for, nor made "satisfactory arrangements" with, the court reporters to pay the agreed fee for the preparation of the reporter's record. Consequently, because the duty of the court reporters to prepare the reporter's record has not arisen, we deny the Utleys' motion for extension of time to file the reporter's record and caution that this cause is subject to being submitted on the clerk's record alone.[2] *See* TEX.R.APP. P. 37.3(c).

The Utleys' motion is denied.

---

1. The Utleys also sued Delhi Gas Pipeline Corporation but later dismissed all claims against it.

2. The district clerk was granted an extension of time to file the clerk's record until January 28.

We assume the district clerk will file the clerk's record by this date.