**Carl Weston CHEEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–396–CR.**

Court of Appeals of Texas, Waco.

Nov. 28, 2001.

Robert Ford, Fort Worth, for appellant.

Patrick C. Batchelor, Navarro County Crim. Dist. Atty., James E. Lagomarsino, Navarro County Asst. Crim. Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury convicted Carl Weston Cheek of possession of methamphetamine in an amount less than one gram and sentenced him to two years' imprisonment. In his sole point of error, he asserts that the trial court erred by failing to charge the jury on the legality of the search.

Cheek contends that the jury charge should have included an instruction on the legality of the search under article 38.23 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2001). Cheek contends that he objected to this omission at trial, but the court denied his request to include an article 38.23 instruction. Cheek, however, fails to present this Court with the reporter's record to support his contention of error.

■ We understand the actual preparation and filing of the reporter's record is no longer the task of the appellant; that burden has shifted to the trial and appellate courts. *See* TEX.R.APP. P. 35.3 (Vernon 2001); *Utley v. Marathon Oil Co.,* 958 S.W.2d 960, 961 (Tex.App.—Waco 1998, no writ). However, this duty to prepare the record for appellate review does not arise until an appellant has properly requested and arranged for payment of the record. *Id.* Thus, we deduce that "the appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error." *Kent v. State,* 982 S.W.2d 639, 641 (Tex.App.—Amarillo 1998, pet. ref'd). If he does not, and his point of error involves matters omitted from the record due to his failure to request or pay for same, then his actions will prevent us from adequately addressing the dispute. *See id.* An appellant effectively waives his complaint by so inhibiting us. *Id.* (citing *In re Marriage of Moore,* 890 S.W.2d 821, 827 (Tex.App.—Amarillo 1994, no pet.)).

Following proper notice of appeal, this Court notified all parties and the court reporter on February 27, 2001 that the reporter's record had not been filed. We permitted thirty days to file the record. The court reporter informed this Court in a March 2, 2001 letter that no financial arrangements had yet been made by Cheek to pay for the reporter's record. The reporter's record was not submitted by Cheek within the thirty days. Subsequently, on April 16, 2001, this court notified Cheek that the appeal would be submitted on the clerk's record alone. Cheek has never asserted he is indigent and cannot afford to pay for the reporter's record. *See* TEX.R.APP. P. 20.2, 37.3(c)(2)(B).

■ Despite adequate notice that this court would render judgment on the clerk's record alone, Cheek submitted his case to this court with no record evidence supporting his objection to the jury charge. Without the reporter's record, we have no way of knowing what specific objection, if any, Cheek made to the jury charge. Nor do we have any way to determine whether a fact issue exists regarding the legality of the search, which would require submission of a charge under article 38.23. *See* TEX.CODE CRIM. PROC. ANN. art. 38.23(a); *Pierce v. State,* 32 S.W.3d 247, 251 (Tex.Crim.App.2000). To be entitled to a reversal of a judgment of conviction where the statement of facts (reporter's record) is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the (reporter's record) timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. *See Dunn v. State,* 733 S.W.2d 212, 215 (Tex.Crim.App.1987)(quoting *Timmons v. State,* 586 S.W.2d 509, 512 (Tex.Crim.App. 1979).) By failing to request and pay for a transcription of the trial sufficient to illustrate the purported error, Cheek not only prevents us from considering the error but also waives it. *See Kent,* 982 S.W.2d at 641. Accordingly, we overrule his sole point of error.

The judgment of the trial court is affirmed.