In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-00383-CR

 01-01-00384-CR

 01-01-00385-CR

 01-01-00386-CR

____________


KENNETH RICHARD ALLISON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 13

Harris County, Texas

Trial Court Cause Nos. 1035262, 1035263, 1035264, and 1035265





O P I N I O N 


 Following a bench trial, the trial court convicted appellant of failure to drive
in a single lane, (1) use of an expired driver's license, (2) failure to maintain financial
responsibility, (3) and failure to identify himself to a peace officer. (4) The trial court
assessed a fine of $200 for the offenses of: failure to drive in a single lane, the use of
an expired driver's license, and failure to maintain financial responsibility and a $400
fine for the offense of failure to identify himself to a peace officer. (5) Appellant, who
was pro se in the trial court and is pro se on appeal, challenges the judgments of the
trial court in 14 issues. (6) 

 We affirm the four judgments of the trial court.

 Issue One

 In issue one, appellant contends that Officer Goonie, who appellant states
issued the traffic citations involved in these appeals, was not authorized to issue the
citations because Officer Goonie had never taken the oath of office required by article
16, section 1 of the Texas Constitution. See Tex. Const. art. XVI, § 1. A review of
the clerk's record shows that a document from the Texas Secretary of State's Office,
which is attached to appellant's "Cross-Complaint Motion for Order to Show Cause,"
states that the Secretary of State could not find an article 16, section 1 filing for
Officer Goonie. 

 Because appellant failed to pay for the reporter's record, this Court previously
ordered these appeals to proceed on the clerk's record alone. (7) See Tex. R. App. P.
37.3(c). An appellant has the duty to initiate properly the completion of the record
in order to sufficiently illustrate reversible error. Cheek v. State, 65 S.W.3d 728, 730
(Tex. App.--Waco 2001, no pet.); Kent v. State, 982 S.W.2d 639, 641 (Tex.
App.--Amarillo 1998, pet. ref'd). If appellant fails to do so, and his contention on
appeal involves matters omitted from the record due to his failure to request or pay
for the same, then his actions prevent an appellate court from adequately addressing
the dispute. Cheek, 65 S.W.3d at 730. An appellant waives his complaint by so
inhibiting the appellate court. 

 Here, the failure of appellant to bring the reporter's record before this Court
prevents us from knowing whether (1) Officer Goonie was the officer who issued the
citations as alleged by appellant; (2) the document from the Secretary of State's office
was admitted into evidence; (3) the State offered any rebuttal evidence relating to the
document; or (4) Officer Goonie's testimony was admitted into evidence at trial. In
turn, it follows that we are prevented from determining whether appellant was harmed
by the alleged error. See Kent, 982 S.W.2d at 641 (holding appellant's failure to pay
for reporter's record resulted in waiver of point of error that police officer's testimony
should have been suppressed because officer failed to take oath required by Texas
Constitution article 16, section 1; appellate court had no way of knowing whether
officer's testimony or fruits of that testimony were admitted into evidence and relied
on by fact finder).

 Accordingly, we overrule appellant's issue one.

Issue Two and Four

 In issues two and four, appellant asserts error relating to the charging
instruments. In his second issue, appellant contends that the municipal court never
received a copy of the information and, thus, lacked jurisdiction either to hear the four
charges or to transfer them to justice court. Appellant also contends that he requested
a copy of the information, but it was not provided to him. In issue four, appellant
contends that the information was not filed with the justice of the peace court.

 The county court's judgments state that the charging instrument in each case
was an information. Appellant states in his brief that the charges against him were
originally brought in La Porte municipal court and then transferred to the justice of
the peace court. Following a trial in the justice of the peace court, appellant states
that he appealed to county court. See Tex. Code Crim. Proc. Ann. § 45.042 (Vernon
Supp. 2002). 

 The clerk's record in these appeals does not contain any of the paperwork or
filings from the municipal or justice of the peace courts. An appellant must present
a sufficient record to demonstrate error that requires reversal. Cates v. State, 72
S.W.3d 681, 692 (Tex. App.--Tyler 2001, no pet.); Guzman v. State, 923 S.W.2d
792, 795 (Tex. App.--Corpus Christi 1996, no pet.). A brief's mere assertions that
are not supported by evidence in the record will not be considered on appeal. 
Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). 

 We overrule appellant's issues two and four.

Issue Three

 In issue three, appellant contends that a municipal court has no authority to
transfer a case to the nearest justice of the peace court. Texas Rule of Appellate
Procedure 38.1(h) provides that the "brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." 
Tex. R. App. P. 38.1(h). Appellant, however, failed to support his argument on this
issue with legal authority or with references to the record. Conclusory arguments that
cite no authority present nothing for our review. See Vuong v. State, 830 S.W.2d 929,
940 (Tex. Crim. App. 1992); Atkins v. State, 919 S.W.2d 770, 774-75 (Tex.
App.--Houston [14th Dist.] 1996, no pet.). Because appellant's argument on this
issue contains no citations to the record or legal authority, he has waived appellate
review of his complaint. See Tex. R. App. P. 38.1(h). Therefore, we overrule
appellant's issue three.

Issues five and eight

 In issues five and eight, appellant asserts that the State was barred from
"creating" an information to file in the justice of the peace and county courts more
than two years after the commission of the offense. In support of this assertion,
appellant cites article 12.02 of the Code of Criminal Procedure, which provides that
an indictment or information for any misdemeanor must be presented within two
years of the commission of the offense. See Tex. Code Crim. Proc. Ann. art. 12.02
(Vernon 1979). However, beyond these assertions, appellant provides no further
legal authority or record references to support his contentions. Accordingly,
appellant has waived review of these issues on appeal. See Tex. R. App. P. 38.1(h).

 We overrule issues five and eight.

Issue six

 In issue six, appellant states that "on the last day of the trial in the Harris
County Justice of the Peace Court of Precinct 8, Place 1, the judge had the doors of
the courthouse locked which barred Appellant's witness from testifying." Appellant
contends that this action violated his substantive rights under article 1, section 10 of
the Texas Constitution. However, beyond appellant's statement in his brief that the
judge had the doors locked, appellant offers no support in the record for this
assertion. 

 As stated above, this Court cannot review contentions that depend on factual
assertions outside the record. Franklin v. State, 693 S.W.2d 420, 431 (Tex. Crim.
App. 1985). And we cannot consider mere assertions in a brief not supported by
evidence in the record. Janecka, 937 S.W.2d at 476.

 We overrule appellant's issue six.

Issue seven

 In issue seven, appellant argues that the clerk of the justice of the peace court
breached a "contract" that appellant had with the clerk to have appellant's appeal to
the county court heard by the "constitutional county court," not Harris County
Criminal Court of Law No. 13, which tried the cases at issue here. In support of this
contention, appellant included a copy of the appeal bond filed in the justice of the
peace court in the appendix to his brief. Appellant alleges the appeal bond constitutes
the contract he had with the clerk; however, the appeal bond is not part of the
appellate record. An appellate court cannot consider documents attached to briefs
when those documents do not appear in the appellate record. See Tex. R. App. P.
34.1; Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App.1981). Because
appellant cites to no record references in support of the argument raised in this issue
and refers to facts outside the appellate record, he has waived appellate review of his
complaint. See Tex. R. App. P. 38.1(h); Franklin, 693 S.W.2d at 431. 

 We overrule appellant's issue seven.

Issue nine

 In issue nine, appellant contends the information "created" by the prosecutor
was "defective on its face" because it was not signed by the county attorney or the
district attorney as required by article 21.21 of the Code of Criminal Procedure.
Rather, he states the information was signed by an "assistant."

 Here, the record does not contain a copy of the information of which appellant
complains. We cannot review contentions that depend on factual assertions outside
the record. Franklin, 693 S.W.2d at 431; Rodriguez v. State, 903 S.W.2d 405, 410
(Tex. App.--Texarkana 1995, pet. ref'd). A briefs mere assertions that are not
supported by evidence in the record will not be considered on appeal. Janecka, 937
S.W.2d at 476. Beyond his bare assertions that the information was not properly
signed as required by article 21.21, appellant offers no further analysis, legal
authorities, or record references to support this issue or to explain how he was harmed
by the alleged error. Thus, appellant has waived appellate review of his complaint. 
See Tex. R. App. P. 38.1(h). 

 We overrule appellant's issue nine. 

Issues 10 and 11

 In issues 10 and 11, appellant complains that the trial court failed to "consider"
or "hear" his "Cross-Complaint against the defacto police officer," failed to issue
subpoenas, and failed to grant appellant's motion for continuance. 

 With regard to these issues, appellant has failed to provide record references
showing that these complaints were presented to and rule on by the trial court, or,
alternatively, that the trial court failed to rule on these matters and appellant objected
to such failure to rule. See Tex. R. App. P. 33.1(a), 38.1(d), (f), (h). Appellant must
direct this Court to that portion of the record supporting the alleged error. Dooley v.
State, 999 S.W.2d 796, 797-98 (Tex. App.--Tyler 1998, pet. ref'd); Lape v. State,
893 S.W.2d 949, 953 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). By failing
to direct this Court to portions of the record supporting the alleged error, appellant
has waived these complaints. See Tex. R. App. P. 33.1(a), 38.1(d), (f), (h).

 We overrule appellant's issues 10 and 11.


Issue 12

 In issue 12, appellant complains that the La Porte municipal court violated his
right to a speedy trial by resetting his case for two years before it was transferred to
the justice of the peace court for trial. As with many of the other issues already
discussed, appellant has failed to provide a record to support his argument raised in
this issue. The record contains no paperwork from the municipal court, and we have
no reporter's record from the trial court. Without support in the record, we cannot
consider appellant's mere assertions that he was denied the right to a speedy trial. See
Janecka, 937 S.W.2d at 476. 

 We overrule appellant's issue 12.

Issue 13

 In issue 13, appellant complains that a double jeopardy violation occurred
because he served 15 days in jail related to his inability to pay the fine assessed for
the traffic violations at issue in this case. In conjunction with his double jeopardy
argument, appellant contends that the law does not permit incarceration for Class "C"
misdemeanors, such as the traffic violations involved in this case, or for his inability
to pay the assessed fine. However, appellant fails to explain how the incarceration
supports his claim of "double jeopardy." We can neither provide appellant's
argument for him, nor speculate how the alleged incarceration constitutes "double
jeopardy."

 Appellant also fails to provide record references in support of his arguments
in this issue. Without record references, cogent legal argument, or citation to relevant
legal authorities, appellant has waived appellate review of this issue. See Tex. R.
App. P. 38.1(h).

 We overrule appellant's issue 13.

Issue 14

 In issue 14, appellant complains that all actions and orders of the Honorable
Jean Hughes, who presided over appellant's trial in Harris County Criminal Court at
Law No. 13, were invalid because Judge Hughes failed to take her oath of office and
file a statement denying her commission of bribery as required by the Texas
Constitution. See Tex. Const. art. XVI, § 1(c) (oath of office), (d) (anti-bribery
oath). In support of this argument, appellant has included in the appendix to his brief
a document from the Secretary of State's office, indicating that Judge Hughes has
taken her constitutionally required oath as the elected judge of Harris County
Criminal Court at Law No. 15. Although it is not entirely clear from appellant's brief,
appellant appears to offer this document as some indication that Judge Hughes was
not qualified or entitled to preside over Harris County Criminal Court at Law No. 13.

 Appellant's argument fails for several reasons. As previously discussed, we
may not consider documents attached to briefs when those documents do not appear
in the appellate record. See Tex. R. App. P. 34.1; Vanderbilt, 629 S.W.2d at 717. 
Here, the document appellant offers in support of this argument does not appear in
the appellate record.

 In addition, we have recently held in Murphy v. State that the presumption of
regularity of trial court judgments and proceedings applies to appellate challenges
regarding an alleged failure of a trial judge to take her constitutionally required oaths. 
Murphy v. State, no. 01-99-00468-CR, slip op. at 4 (Tex. App.--Houston [1st Dist.]
2002, no pet. h.) (designated for publication). Other than the document attached to
appellant's brief, which we may not consider, appellant cites to no proof in the record
that Judge Hughes did not take the constitutionally required oaths or failed to file a
statement denying her commission of bribery. 

 Lastly, pursuant to Government Code subsection 74.121(a), Judge Hughes, as
the elected judge of Harris County Criminal Court at Law No. 15, had the authority
to preside over Harris County Criminal Court at Law No. 13. Tex. Gov't Code
Ann. § 74.121(a) (Vernon 1988). 

 We overrule appellant's issue 14.











CONCLUSION


 We affirm the trial court's judgments.





 Frank G. Evans (8)

 Justice


 

Panel consists of Justices Hedges, Keyes, and Evans. 


Do not publish. Tex. R. App. P. 47.4.
1. Trial court cause number 1035262; appellate cause number 01-01-00383-CR.
2. Trial court cause number 1035263; appellate cause number 01-01-00384-CR.
3. Trial court cause number 1035264; appellate cause number 01-01-00385-CR.
4. Trial court cause number 1035265; appellate cause number 01-01-00386-CR.
5. Although the procedural history of these traffic offense cases is not entirely
clear from the record, these appeals apparently arise from a trial de novo in
County Criminal Court at Law No. 13 pursuant to section 45.042 of the code
of criminal procedure. Section 45.042 provides that county courts may hear
appeals from municipal or county courts. See Tex. Code Crim. Proc. Ann.
§ 45.042 (Vernon Supp. 2002). Section 45.042 further provides that "[u]nless
the appeal is taken from a municipal court of record and the appeal is based on
error reflected in the record, the trial shall be de novo." Id. § 45.042(b). 
6. Under the heading "Issues Presented for Review" at the front of appellant's
brief, he lists 20 issues; however, in the body of his brief, appellant discusses
only 14 separate "arguments," which do not correspond with the order of the
20 issues initially listed in appellant's brief. Appellant has waived any issue
that he did not brief. See Tex. R. App. P. 38.1(h). We will address only the 14
issues discussed in the body of appellant's brief.
7. We issued an order abating this appeal and ordering the trial court to conduct
a hearing to determine whether appellant wished to prosecute these appeals and
to determine whether appellant was indigent. Following a hearing, the trial
court found that appellant wished to proceed with the appeals, that appellant
was not entitled to appointed counsel, and that appellant was not indigent.
8. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.