

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-234-CR

EX PARTE

KEITH WILLIAM MOORE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from the trial court's orders on Appellant Keith William Moore's application for writ of habeas corpus to reduce bail, in which the trial court reduced the total bail in Appellant's seven pending criminal cases from $180,000 to $130,000. We affirm.

### Background

---

[1] *See* TEX. R. APP. P. 47.4.

Appellant alleges that he has been in jail since his arrest on March 4, 2008, and he is awaiting trial on charges for evading arrest with a vehicle, possession of a controlled substance, aggravated assault on a public servant, felon in possession of a firearm, fraudulent use/possession of identifying information, theft under $1,500, and forgery. The trial court set bail in the total amount of $180,000. Appellant filed an application for writ of habeas corpus to reduce bail to $20,000 or, alternatively, to be released on a personal bond. The trial court held a hearing on Appellant's habeas application on June 13, 2008, and reset or maintained bail at the following amounts for each of the charges:

| Charge | Original bail | Current bail |
|---|---|---|
| Evading arrest | $25,000.00 | $15,000.00 |
| Possession of a controlled substance | $25,000.00 | $15,000.00 |
| Aggravated assault on a public servant | $50,000.00 | $50,000.00 |
| Felon in possession of a firearm | $25,000.00 | $15,000.00 |
| Theft | $25,000.00 | $15,000.00 |
| Fraudulent use/possession of identifying information | $25,000.00 | $15,000.00 |
| Forgery | $5,000.00 | $5,000.00 |
| TOTAL | $180,000.00 | $130,000.00 |

Appellant filed this appeal from the trial court's orders. On July 16, 2008, the official court reporter notified this court that there is no reporter's

record of the bail reduction hearing. We did not request briefing. *See* TEX. R. APP. P. 31.1, 31.2.

## Standard of Review

We review the trial court's denial of a bond-reduction request under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005) (giving trial court discretion to set amount of bond). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

## Reasonable Bail Factors

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Scott*, 122 S.W.3d at 868. Accordingly, bail should be set high enough to give reasonable assurance that the defendant

3

will appear at trial, but it should not operate as an instrument of oppression. *Scott*, 122 S.W.3d at 868. In a habeas proceeding, the burden of proof is on the defendant to show that the bail, as set, is excessive. *Rubac*, 611 S.W.2d at 849.

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following criteria for establishing a defendant's bond:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15. In addition to these factors, the court should also weigh the following factors in determining the amount of the bond: (1) the accused's work record; (2) the accused's family ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances

4

alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869. The accused's potential sentence and the nature of the crime are also primary factors to be considered. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd).

### The nature of the offenses and the potential sentences

The nature of the offense and the circumstances surrounding the offense are primary factors in determining what constitutes a reasonable bond. TEX. CODE CRIM. PROC. ANN. art. 17.15(3); *see Ex parte Davila*, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981). In considering the nature of the offense, it is proper to consider the possible punishment. *Vasquez*, 558 S.W.2d at 479–80. When the nature of the offense is serious and involves aggravating factors, a lengthy prison sentence following trial is probable. *Scott*, 122 S.W.3d at 869. Therefore, pretrial bond must be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy sentence might be to not appear. *Id.*

Appellant faces the following ranges of punishment if convicted of the charges pending against him:[2]

---

[2] The following ranges are low-side estimates because the limited record before us does not reflect information, such as prior convictions, that would enhance the range of punishment. The felon-in-possession of a firearm charge indicates that Appellant has at least one prior felony conviction.

| Charge | Punishment range |
|---|---|
| Evading arrest | Two to ten years[3] |
| Possession of a controlled substance | 180 days to two years[4] |
| Aggravated assault on a public servant | Five to ninety-nine years or life[5] |
| Felon in possession of a firearm | Two to ten years[6] |
| Theft under $1,500 | Zero to one year[7] |
| Fraudulent use/possession of identifying information | 180 days to two years[8] |
| Forgery | Zero to one year[9] |

Given the applicable ranges of punishment and the relative seriousness of the charged offenses, and specially noting that one charge is evading arrest, the trial court properly could have concluded that the bail amounts set forth above

---

[3] TEX. PENAL CODE ANN. §§ 12.34, 38.04 (Vernon 2003).

[4] TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003); TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2008).

[5] TEX. PENAL CODE ANN. § 12.32 (Vernon 2003), § 22.02(b)(2)(B) (Vernon Supp. 2008).

[6] *Id.* § 12.34, § 46.04 (Vernon Supp. 2008).

[7] *Id.* § 12.21 (Vernon 2003), § 31.03(e)(3) (Vernon Supp. 2008).

[8] *Id.* §§ 12.35(a), 32.51(c) (Vernon Supp. 2008).

[9] *Id.* § 12.21, § 32.21(c) (Vernon Supp. 2008).

were reasonable to ensure Appellant's presence at the trial or trials on the various charges.

### Ability to make bond

In his verified application for writ of habeas corpus, Appellant stated that he was indigent and unable to make bail in the amount of $180,000. Appellant also stated that he had undergone cancer treatment and that the cost of such treatment rendered him indigent.

The accused's ability to make bond is merely one factor to be considered in determining the appropriate amount of bond. TEX. CODE CRIM. PROC. ANN. art. 17.15(4); *Scott*, 122 S.W.3d at 870. Simply because a defendant cannot meet the bond set by the trial court does not automatically render the bond excessive. *Scott*, 122 S.W.3d at 870. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id.*

A writ applicant bears the burden of proving facts that would entitle him to relief. *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). An appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error. *See* TEX. R. APP. P. 35.3; *see also Cheek*

7

*v. State*, 65 S.W.3d 728, 730 (Tex. App.—Waco 2001, no pet.); *Kent v. State*, 982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref'd, untimely filed).

Because there is no record of the bail reduction hearing, we cannot review the evidence, if any, submitted to the trial court regarding Appellant's alleged indigency. Moreover, Appellant averred in his application for writ of habeas corpus that he could not afford bail of $180,000, and the trial court reduced his total bail from $180,000 to $130,000. On the other hand, the clerk's record shows that the trial court declared Appellant indigent in January 2008 and appointed counsel to represent him in at least three of his pending cases. However, the fact that the trial court had previously declared Appellant indigent is but one factor, and this factor alone does not establish an abuse of discretion or render the bail excessive. *See Scott*, 122 S.W.3d at 870. Therefore, we cannot say that the trial court abused its discretion by failing to further reduce Appellant's bail based on his claim of indigency.

### Community ties

In his habeas application, Appellant also stated that he was a life-long resident of Tarrant County. Courts may consider an accused's work record, family ties, and length of residency to determine what constitutes reasonable bond. *See Rubac*, 611 S.W.2d at 849; *Scott*, 122 S.W.3d at 871. Again, in the absence of a reporter's record, we cannot say that the trial court abused its

discretion by denying further bail reduction based on Appellant's assertion that he is a lifelong Tarrant County resident. His application, and therefore the entire record, is silent about his familial ties to the county and his work record.

### Other factors

As mentioned above, a court should also weigh the accused's prior criminal record, if any; the accused's conformity with the conditions of any previous bond; the existence of outstanding bonds, if any; and aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869.

The fact that Appellant has been charged with felon in possession of a firearm shows that he has at least one prior felony conviction. One of the other charges is evading arrest, suggesting that Appellant is a flight risk. The most serious charge is aggravated assault on a public servant. These factors tend to support the trial court's refusal to further reduce bail on all of the charges.

### Conclusion

Affording due deference to the trial court's ruling, and in the absence of a reporter's record, we cannot say that the trial court acted arbitrarily or unreasonably by refusing to further reduce Appellant's bail. Appellant has failed to demonstrate that the bonds set are excessive or that the trial court abused

9

its discretion. We therefore affirm the trial court's orders on Appellant's application for writ of habeas corpus.

PER CURIAM

PANEL: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 28, 2008

10