COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-234-CR

 

 

EX PARTE 

 

KEITH WILLIAM MOORE

 



 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

This is an appeal from the
trial court=s orders on
Appellant Keith William Moore=s application for writ of habeas corpus to reduce bail, in which the
trial court reduced the total bail in Appellant=s seven pending criminal cases from $180,000 to $130,000.  We affirm.

                                            Background








Appellant alleges that he has
been in jail since his arrest on March 4, 2008, and he is awaiting trial on
charges for evading arrest with a vehicle, possession of a controlled
substance, aggravated assault on a public servant, felon in possession of a firearm,
fraudulent use/possession of identifying information, theft under $1,500, and
forgery.  The trial court set bail in the
total amount of $180,000.  Appellant
filed an application for writ of habeas corpus to reduce bail to $20,000 or,
alternatively, to be released on a personal bond.  The trial court held a hearing on Appellant=s habeas application on June 13, 2008, and reset or maintained bail at
the following amounts for each of the charges:  


 
 
  
 Charge
 
 
  
 Original bail
 
 
  
 Current bail
 
 
  
  
 
 
 
 
  
 Evading
 arrest
 
 
  
 $25,000.00
 
 
  
 $15,000.00
 
 
  
  
 
 
 
 
  
 Possession
 of a controlled substance
 
 
  
 $25,000.00
 
 
  
 $15,000.00
 
 
  
  
 
 
 
 
  
 Aggravated
 assault on a public servant
 
 
  
 $50,000.00
 
 
  
 $50,000.00
 
 
  
  
 
 
 
 
  
 Felon
 in possession of a firearm
 
 
  
 $25,000.00
 
 
  
 $15,000.00
 
 
  
  
 
 
 
 
  
 Theft
 
 
  
 $25,000.00
 
 
  
 $15,000.00 
 
 
  
  
 
 
 
 
  
 Fraudulent
 use/possession of identifying information
 
 
  
 $25,000.00
 
 
  
 $15,000.00
 
 
  
  
 
 
 
 
  
 Forgery
 
 
  
 $5,000.00
 
 
  
 $5,000.00
 
 
  
  
 
 
 
 
  
 TOTAL
 
 
  
 $180,000.00
 
 
  
 $130,000.00
 
 
  
  
 
 


 








Appellant filed this appeal
from the trial court=s
orders.  On July 16, 2008, the official
court reporter notified this court that there is no reporter=s record of the bail reduction hearing.  We did not request briefing.  See Tex.
R. App. P. 31.1, 31.2.

                                       Standard of Review

We review the trial court=s denial of a bond‑reduction request under an abuse of
discretion standard.  See Ex parte
Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); Ex parte
Scott, 122 S.W.3d 866, 868 (Tex. App.CFort Worth 2003, no pet.); see also Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005) (giving
trial court discretion to set amount of bond). 
To determine whether a trial court abused its discretion, we must decide
whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the act was arbitrary or
unreasonable. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of discretion
has occurred.  Id.

                                     Reasonable Bail Factors








The primary purpose of an
appearance bond is to secure the presence of the defendant at trial on the
offense charged.  Ex parte Vasquez,
558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Scott, 122 S.W.3d at
868.  Accordingly, bail should be set
high enough to give reasonable assurance that the defendant will appear at
trial, but it should not operate as an instrument of oppression.  Scott, 122 S.W.3d at 868.  In a habeas proceeding, the burden of proof
is on the defendant to show that the bail, as set, is excessive.  Rubac, 611 S.W.2d at 849.

Article 17.15 of the Texas
Code of Criminal Procedure sets forth the following criteria for establishing a
defendant=s bond: 

1.  The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with. 

 

2.  The power to require bail is not to be so
used as to make it an instrument of oppression.

 

3.  The nature of the offense and the
circumstances under which it was committed are to be considered. 

 

4.  The ability to make bail is to be regarded,
and proof may be taken upon this point. 

 

5.  The future safety of a victim of the alleged
offense and the community shall be considered. 

 








Tex. Code Crim. Proc.
Ann. art. 17.15. 
In addition to these factors, the court should also weigh the following
factors in determining the amount of the bond: 
(1) the accused=s work
record; (2) the accused=s family
ties; (3) the accused=s length of
residency; (4) the accused=s prior criminal record, if any; (5) the accused=s conformity with the conditions of any previous bond; (6) the
existence of outstanding bonds, if any; and (7) aggravating circumstances
alleged to have been involved in the charged offense.  Rubac, 611 S.W.2d at 849B50; Scott, 122 S.W.3d at 869. 
The accused=s potential
sentence and the nature of the crime are also primary factors to be
considered.  Ex parte Hunt, 138
S.W.3d 503, 506 (Tex. App.CFort Worth 2004, pet. ref=d).

                The nature of the offenses and the
potential sentences

The nature of the offense and
the circumstances surrounding the offense are primary factors in determining
what constitutes a reasonable bond.  Tex. Code Crim. Proc. Ann. art.
17.15(3); see Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App.
[Panel Op.] 1981).  In considering the
nature of the offense, it is proper to consider the possible punishment.  Vasquez, 558 S.W.2d at 479B80.  When the nature of the
offense is serious and involves aggravating factors, a lengthy prison sentence
following trial is probable.  Scott,
122 S.W.3d at 869.  Therefore, pretrial
bond must be set sufficiently high to secure the presence of the accused at
trial because the accused=s reaction
to the prospect of a lengthy sentence might be to not appear.  Id.

Appellant faces the following
ranges of punishment if convicted of the charges pending against him:[2]









 
 
  
 Charge
 
 
  
 Punishment
 range
 
 
 
 
  
 Evading
 arrest
 
 
  
 Two
 to ten years[3]
 
 
 
 
  
 Possession
 of a controlled substance
 
 
  
 180
 days to two years[4]
 
 
 
 
  
 Aggravated
 assault on a public servant
 
 
  
 Five
 to ninety-nine years or life[5]
 
 
 
 
  
 Felon
 in possession of a firearm
 
 
  
 Two
 to ten years[6]
 
 
 
 
  
 Theft
 under $1,500
 
 
  
 Zero
 to one year[7]
 
 
 
 
  
 Fraudulent
 use/possession of identifying information
 
 
  
 180
 days to two years[8]
 
 
 
 
  
 Forgery
 
 
  
 Zero
 to one year[9]
 
 


 








Given the applicable ranges of punishment and the
relative seriousness of the charged offenses, and specially noting that one
charge is evading arrest, the trial court properly could have concluded that
the bail amounts set forth above were reasonable to ensure Appellant=s presence at the trial or trials on the various charges.

                                      Ability to make bond 

In his verified application
for writ of habeas corpus, Appellant stated that he was indigent and unable to
make bail in the amount of $180,000. 
Appellant also stated that he had undergone cancer treatment and that the
cost of such treatment rendered him indigent. 

The accused=s ability to make bond is merely one factor to be considered in
determining the appropriate amount of bond. 
Tex. Code Crim. Proc. Ann. art.
17.15(4); Scott, 122 S.W.3d at 870. 
Simply because a defendant cannot meet the bond set by the trial court
does not automatically render the bond excessive.  Scott, 122 S.W.3d at 870.  AIf the ability to make bond in a specified amount controlled, then the
role of the trial court in setting bond would be completely eliminated, and the
accused would be in the unique posture of determining what his bond should be.@  Id. 








A writ applicant bears the
burden of proving facts that would entitle him to relief.  Ex parte Kimes, 872 S.W.2d 700, 703
(Tex. Crim. App. 1993).  An appellant has
the burden to properly initiate the completion of a record sufficient to
illustrate reversible error.  See Tex. R. App. 
P. 35.3; see also Cheek v. State, 65 S.W.3d 728, 730 (Tex.
App.CWaco 2001, no pet.); Kent v. State, 982 S.W.2d 639, 641 (Tex.
App.CAmarillo 1998, pet. ref=d, untimely filed).

Because there is no record of
the bail reduction hearing, we cannot review the evidence, if any, submitted to
the trial court regarding Appellant=s alleged indigency.  Moreover,
Appellant averred in his application for writ of habeas corpus that he could
not afford bail of $180,000, and the trial court reduced his total bail from
$180,000 to $130,000.  On the other hand,
the clerk=s record
shows that the trial court declared Appellant indigent in January 2008 and
appointed counsel to represent him in at least three of his pending cases.  However, the fact that the trial court had
previously declared Appellant indigent is but one factor, and this factor alone
does not establish an abuse of discretion or render the bail excessive.  See Scott, 122 S.W.3d at 870.  Therefore, we cannot say that the trial court
abused its discretion by failing to further reduce Appellant=s bail based on his claim of indigency.

                                          Community
ties 








In his habeas application,
Appellant also stated that he was a life-long resident of Tarrant County.  Courts may consider an accused=s work record, family ties, and length of residency to determine what
constitutes reasonable bond.  See
Rubac, 611 S.W.2d at 849; Scott, 122 S.W.3d at 871.  Again, in the absence of a reporter=s record, we cannot say that the trial court abused its discretion by
denying further bail reduction based on Appellant=s assertion that he is a lifelong Tarrant County resident.  His application, and therefore the entire
record, is silent about his familial ties to the county and his work record.

                                           Other
factors

As mentioned above, a court
should also weigh the accused=s prior criminal record, if any; the accused=s conformity with the conditions of any previous bond; the existence
of outstanding bonds, if any; and aggravating circumstances alleged to have
been involved in the charged offense.  Rubac,
611 S.W.2d at 849B50; Scott,
122 S.W.3d at 869.  

The fact that Appellant has
been charged with felon in possession of a firearm shows that he has at least
one prior felony conviction.  One of the
other charges is evading arrest, suggesting that Appellant is a flight
risk.  The most serious charge is
aggravated assault on a public servant. 
These factors tend to support the trial court=s refusal to further reduce bail on all of the charges.

Conclusion 








Affording due deference to
the trial court=s ruling,
and in the absence of a reporter=s record, we cannot say that the trial court acted arbitrarily or
unreasonably by refusing to further reduce Appellant=s bail.  Appellant has failed to
demonstrate that the bonds set are excessive or that the trial court abused its
discretion.  We therefore affirm the
trial court=s orders on
Appellant=s
application for writ of habeas corpus.

PER CURIAM

PANEL: 
GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

                                                    

DELIVERED: 
August 28, 2008      











[1]See Tex. R. App. P. 47.4.





[2]The
following ranges are low-side estimates because the limited record before us
does not reflect information, such as prior convictions, that would enhance the
range of punishment.  The
felon-in-possession of a firearm charge indicates that Appellant has at least
one prior felony conviction.





[3]Tex. Penal Code Ann. '' 12.34, 38.04 (Vernon 2003).





[4]Tex. Health & Safety Code Ann. ' 481.115 (Vernon 2003); Tex. Penal Code Ann. '
12.35(a) (Vernon Supp. 2008).





[5]Tex. Penal Code Ann. '
12.32 (Vernon 2003), '
22.02(b)(2)(B) (Vernon Supp. 2008).





[6]Id. '
12.34, '
46.04 (Vernon Supp. 2008).





[7]Id. '
12.21 (Vernon 2003), '
31.03(e)(3) (Vernon Supp. 2008).





[8]Id. '' 12.35(a),
32.51(c) (Vernon Supp. 2008).





[9]Id. ' 12.21,
'
32.21(c) (Vernon Supp. 2008).